UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT HAMM,

    Plaintiff,

v.

                              Case No. 05-3005

LOGAN CORRECTIONAL CENTER,
et al.,

    Defendants.

**Order**

On January 27, 2006, this case was dismissed without prejudice, for the plaintiff's failure to keep the court and the defendants apprised of his current address, for failing to appear at his deposition, and for failing to respond to the defendants' motion for sanctions. (d/e 22). After that order, on February 7, 2006, the plaintiff filed a response to the motion for sanctions, which was denied as moot on February 23, 2006, because the case was closed.

On August 1, 2006, the plaintiff filed a motion for relief from judgment. (d/e 29).

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence (that could not have been discovered earlier), fraud, or "any other reason justifying relief from the operation of the judgment." Rule 60 is "an extraordinary remedy . . . granted in only exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 326-27 (7th Cir. 2000), *citing Dickerson v. Bd of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)*(*internal citations omitted).

The plaintiff has not established any grounds for the extraordinary relief under Fed. R. Civ. P. 60(b). He apparently asserts "excusable neglect," but he gives no excuse for his failure to file his Rule 60(b) motion "within a reasonable time." Rule 60(b) requires the motion be filed "within a reasonable time . . ." The one-year reference in Rule 60(b) refers to the outside limit. The plaintiff in this case was informed his case was closed on January 27, 2006, more than six months before he filed this motion. Additionally, he gives no excuse for his failure to keep the court and defendants informed of his current address, which was why the case was dismissed in the first place. Current addresses are essential to case progression and thus to this court's ability to manage its docket.

IT IS THEREFORE ORDERED that the plaintiff's motion for relief from judgment is denied (d/e 29).

Entered this 27th Day of September, 2006.

                                                        **s\Harold A. Baker**

                                                   HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE